IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TWITTER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>(2) COVENANT FINANCIAL SERVICES, LLC,<br><br>    Defendant. | Case No. CIV-17-1019-D |

**TWITTER, INC.'S MOTION TO COMPEL
COVENANT FINANCIAL SERVICES, LLC TO PRODUCE
<u>DOCUMENTS PURSUANT TO FED. R. CIV. P. 45</u>**

Twitter, Inc. ("Twitter") respectfully requests the Court order Covenant Financial Services, LLC ("CFS") to immediately produce documents responsive to Twitter's subpoena in the patent infringement litigation brought by Youtoo Technologies, LLC ("Youtoo" or "Youtoo Technologies") against Twitter, which remains pending as Case No. 3:16-cv-00764-N in the United States District Court for the Northern District of Texas ("the Litigation"). In support of this Motion, Twitter states as follows:

**I. INTRODUCTION**

For *six months*, Twitter has been engaged in a seemingly endless plight to secure documents that are relevant to the Litigation. [*See* Twitter's Motion to Compel Covenant and Reply in Support of its Motion to Compel, *Youtoo Techs., LLC v. Twitter, Inc.*, Case No. 17-cv-728-M (W.D. Okla.), ECF Doc. Nos. 1 and 18].[1] Yet at each turn, Twitter has

---

[1] Unless otherwise noted, all citations in this Motion to filed court documents refer to documents filed in the related case *Youtoo Techs., LLC v. Twitter, Inc.*, Case No. 17-cv-728-M (W.D. Okla.).

1

been met with gamesmanship and efforts to disregard or avoid valid subpoenas. Twitter respectfully requests the Court not tolerate this continued course of conduct and order CFS to immediately produce responsive documents.

On March 2, 2017, Twitter served a subpoena on the majority owner of Plaintiff Youtoo and its affiliates, Covenant Global Alpha Fund, L.P. ("Covenant"), seeking documents related to Covenant's ownership and security interests in the patents asserted against Twitter in the Litigation (the "Covenant Subpoena"). These documents are relevant to multiple core issues in the Litigation, including ownership of rights to the patents-in-suit, the scope of the patents, patent validity, the alleged infringement, and damages. The court overseeing the Litigation has already granted Twitter's motions to compel similar documents from Youtoo and another third-party, finding the requests were relevant, and not overly broad or unduly burdensome. [*See, e.g.,* Order, *Youtoo Techs., LLC v. Twitter, Inc.*, Case No. 3:16-CV-00764-N (N.D. Tex. May 31, 2017), ECF Doc. No. 95 & Order, *Youtoo Techs., LLC v. Twitter, Inc.*, Case No. 3:17-mc-00009-BF (N.D. Tex. June 13, 2017), ECF Doc. No. 18].

At the time Twitter served Covenant, Covenant's managing partner was CFS, which was itself controlled by Stephen Shafer. Mr. Shafer also happened to be the CEO of Youtoo at this time. Covenant's counsel at the time—the same lawyers that represent Youtoo in the Litigation **and now CFS in responding to the present subpoena**—initially agreed to produce all documents responsive to the Covenant Subpoena, but then failed to produce *any* documents for months. [*See* Doc. No. 1].

When Twitter stated its intention to seek enforcement of the Covenant Subpoena,

Covenant belatedly turned over a small number of agreements. [*Id.*]. These agreements constituted only a **small number of the documents** requested by the Covenant Subpoena. Accordingly, Twitter was forced to file a motion to compel Covenant's compliance in *Youtoo Techs., LLC v. Twitter, Inc.*, Case No. 17-cv-728-M (W.D. Okla.). [*Id.*].

In opposition, Covenant claimed **for the first time** that it **no longer** had possession, custody, or control of the requested documents because *after* Twitter served the Covenant Subpoena, but *before* Twitter moved to compel, CFS and Mr. Shafer were removed by an Oklahoma district court as the manager of Covenant. Covenant claimed that when CFS was removed as the manager, CFS took with it the documents requested by the Covenant Subpoena, and Covenant claimed it no longer had access to them. Covenant, however, never explained why it failed to produce those documents in the intervening months after Twitter served the Covenant Subpoena and while the documents were still in Covenant's possession, custody, and control.

Based on Covenant's representation that it no longer had possession of the requested documents, Judge Miles-LaGrange denied Twitter's Motion to Compel Covenant in Case No. 17-cv-728-M, but noted that Twitter could instead subpoena CFS directly. [Doc. No. 19, n. 2]. A copy of Judge Miles-LaGrange's Order is attached hereto as Exhibit 1. Twitter did so and served CFS with a subpoena (the "CFS Subpoena"). (*See* Exhibit 2, Decl. of Laura E. Miller in Support of Motion ("Miller Decl."), at Ex. N). Now, like Covenant before it, CFS has failed to raise any timely objections, move to quash, or produce documents to the CFS Subpoena by the date of compliance.

In what is now a familiar process, Twitter asked Youtoo's counsel whether they also represented CFS. Counsel for Youtoo confirmed that they did, in fact, also represent CFS and informed Twitter that CFS "believed" it could produce documents within thirty days. (*See* Exhibit 2, at Ex. O). However, because the deadline for producing documents had already expired (and because of Twitter's past experience regarding the disappearance of these documents [*see* Doc. No. 1 and 18]), Twitter informed CFS that if it did not produce all of its responsive documents within the week, Twitter would move to compel. CFS's counsel has not responded and CFS has failed to produce any documents.[2] Also, given CFS's representation that it is in the process of "winding down," Twitter requires the Court's assistance in securing CFS's compliance and the relevant documents lest they suddenly "disappear" from CFS's possession, custody, or control.

**The delay and shell games must stop.** Twitter respectfully requests the Court find that all objections have been waived and order CFS to immediately produce all responsive documents in its possession, custody, or control.

## II. BACKGROUND FACTS

### A. The Covenant Funds, Managed by CFS and Mr. Shafer, Became the Majority Owner of Youtoo Shortly After It Filed Suit Against Twitter.

CFS is the former managing member and partner of several Oklahoma-based investment funds, including Covenant and Covenant Private Equity Partners II, Inc. (together, the "Covenant Funds"). (*See* Exhibit 2, Miller Decl., at Ex. A ¶¶ 2–3). Since

---

[2] Twitter respectfully submits that its counsel has conferred on multiple dates with CFS's counsel in a sincere attempt to resolve this issue. Pursuant to LCvR37.1, no personal conference was required as the distance between counsels' offices renders a personal conference infeasible.

2009, CFS has been controlled by its managing member and majority owner, Stephen Shafer. (*Id.* at ¶ 2). The Covenant Funds began loaning millions of dollars to Youtoo's parent company in 2014. (*Id.* at Ex. B, ¶¶ 15–17). The loans were secured by a lien on Youtoo's patent portfolio, including the patents-in-suit. (*Id.*). In April of 2016, approximately a month after Youtoo filed suit against Twitter, the Covenant Funds became the majority owner of Youtoo and its affiliates. (*Id.* at Ex. C). At some point over the course of the Litigation, Mr. Shafer became CEO of Youtoo, in addition to managing CFS and the Covenant Funds. (*See Id.* at Ex. D). Twitter is unable to determine the precise date on which Mr. Shafer became the CEO of Youtoo (or whether or not he still holds that title) because Youtoo, Covenant, and CFS (all of whom have been represented by the same attorneys) refuse to provide the requested discovery.

### B. The Investors in the Covenant Funds Brought Suit Against CFS and Mr. Shafer for Breach of Fiduciary Duty and Self-Dealing.[3]

On September 27, 2016, the investors in the Covenant Funds sued Mr. Shafer, CFS, and numerous funds controlled by Mr. Shafer and CFS, including Covenant. (Exhibit 2, Miller Decl., at Ex. C). The plaintiff-investors alleged, among other things, that Shafer and CFS defrauded them by promising that the Covenant Funds would be liquidated over a twelve-month period beginning in January 2015. (*Id.* ¶ 2). With this promise, CFS gated the Covenant Funds to prohibit any investor withdrawals. (*Id.*). But

---

[3] This is not the only instance of CFS and Mr. Shafer running afoul of their investors. On March 29, 2017, the United States Securities and Exchange Commission censured CFS and Mr. Shafer and ordered them to pay a civil penalty of $130,000 for "materially misstating the value of assets in five private funds, resulting in the funds paying [CFS] excessive management fees and incorrectly calculating redemptions from the funds." (Exhibit 2, Miller Decl., Ex A at 2).

instead of liquidating the Covenant Funds' assets and distributing the case to the investors, CFS spent millions to double the Covenant Funds' equity stake in Youtoo and its affiliates, and to fund Youtoo's "aspirational litigation" against Twitter. (*Id.*).

After several months of litigation, the Oklahoma district court ordered Shafer and CFS to be removed as the manager of the Covenant Funds on April 28, 2017. (*Id.* at Ex. E). As the Covenant Funds, under the control of CFS and Mr. Shafer, had been funding the Youtoo Litigation against Twitter, Youtoo suddenly found itself without funds to pay for the Litigation. Soon after Shafer and CFS stopped managing the Covenant Funds, they filed an emergency motion to allow the sale of a rare gemstone (a "Red Spinel Gemstone") owned by the Covenant Funds in order to "maintain the Youtoo patent litigation for the next 60-90 days." (*Id.* at Ex. F). Similarly, over the course of the next month, CFS was ordered to pay various litigation and payroll expenses of Youtoo. (*See id.* at Exs. G and H). CFS's lawyers explained to the Oklahoma district court that Covenant was seeking the court's permission to pay Youtoo's Litigation counsel fees that were due. (*See id.* at Ex. I at 72–73). As exhibits to that briefing, Covenant filed under seal certain "confidential documentation" that are highly relevant to the Litigation, including correspondence from Youtoo and a valuation report of Youtoo. (Exhibit 2, Miller Decl., at Ex. F at 2). **None of these documents were produced by Covenant in response to the Covenant Subpoena; without the discovery requested in the CFS Subpoena, Twitter has no access to these relevant documents.**

On June 5, 2017, Shafer and CFS were replaced as the manager of the Covenant Funds by a Delaware limited liability company controlled by the plaintiff-investors.

(Exhibit 2, Miller Decl., at Ex. J).  The ownership of the Youtoo entities remains with the Covenant Funds.  (*Id.*).

### C. Twitter Sought Discovery From Youtoo's Majority Owner and Litigation Funder, Covenant.

Based on its central role as Youtoo's owner and as the funder of the Litigation, Twitter served Covenant with the Covenant Subpoena on March 2, 2017, three months *before* Shafer and CFS were removed as managers of the Covenant Funds.  [*See* Doc. No. 1]; (Exhibit 2, Miller Decl., at Ex. K).  The Covenant Subpoena sought documents and communications related to the Covenant Funds' ownership and security interest in the patents-in-suit, including valuations, and infringement and invalidity analyses.  (Exhibit 2, Miller Decl., at Ex. K).  Rather than produce documents in response to the subpoena, Covenant—which was represented at the time by the same lawyers that represent Youtoo in the Litigation—stonewalled and refused to engage with Twitter until Twitter notified Covenant's counsel that it would move to compel on June 13, 2017.  (*Id.* at Ex. L).  One day later, without any explanation for the delay, Covenant produced a handful of agreements with the Youtoo affiliates.  (*Id.* at ¶ 17).

Covenant's June 14, 2017 production represented a small subset of the documents requested by the Covenant Subpoena.  (*Id.*).  Covenant then refused to produce any other documents, forcing Twitter to file a motion to compel in the United States District Court for the Western District of Oklahoma, Case No. 17-cv-728-M.  [*See* Doc. No. 1].  There, Covenant's argument in opposition was that it was *no longer* in possession, custody, or control of additional responsive documents because the documents were now in the

possession of its former manager, the recently-removed CFS and Mr. Shafer (who was the CEO of Youtoo for at least a portion of the period in which the Covenant Subpoena was pending). Based on Covenant's representations that it no longer had any documents to produce, Judge Miles-LaGrange denied Twitter's motion, but noted that Twitter could subpoena CFS. [Doc. No. 19, n. 2].

> D. **Unable to Obtain Discovery from Covenant, Twitter Served a Subpoena on CFS.**

In accordance with Judge Miles-LaGrange's Order, on August 7, 2017, Twitter served the CFS Subpoena on CFS asking **for the same set of documents** that Covenant refused to produce. (Exhibit 2, Miller Decl., at Ex. N). The date for CFS's compliance was August 28, 2017. (*Id.*). Like Covenant before it, CFS failed to raise any timely objections, move to quash, or produce responsive documents. (*Id.* at ¶ 18). After CFS did not respond to the CFS Subpoena in any way, Twitter asked Youtoo's counsel—who had previously represented Covenant in responding to Twitter's subpoena—whether they also represented CFS. (*Id.* at Ex. O). Youtoo's counsel confirmed that they did represent CFS and, without providing any explanation for the silence and delay, simply stated that CFS "is currently winding down, but it believes it can produce its non-privileged, responsive documents within the next 30 days." (*Id.*). Twitter immediately responded that the time for compliance had already passed and CFS waived any objections. (*Id.*).

**Given the importance of the documents and the repeated delays and previous failures to produce documents when promised by CFS's counsel** (on behalf of their other clients Youtoo and Covenant), Twitter informed CFS that it would move to compel

8

if the documents were not produced by September 6, 2017. (*Id.*). To date, CFS's counsel has not responded and no documents have been produced. (*Id.* at ¶ 19). And given CFS's claim that it is "winding down," Twitter could not wait to file this motion and risk allowing CFS to get rid of documents in its possession, custody, or control in the intervening period before a motion to compel was filed (as Covenant, previously represented by the same counsel, apparently did).

### III.  ARGUMENT

Federal Rule of Civil Procedure 45 specifies that any person commanded to produce documents may serve written objections, and that those objections "***must*** be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* (emphasis added). The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections, as does failing to file a timely motion to quash. *See, e.g.*, *Ficep Corp. v. Haas Metal Eng'g, Inc.*, No. 14-243-CM, 2015 WL 566988, at *1 (D. Kan. Feb. 11, 2015); *United States v. Davison*, C.A. No. 08-cv-02530-WYD-MEH, 2009 WL 189957, at *1–2 (D. Col. Jan. 27, 2009); *In re Ex Parte Application of Grupo Mexico SAB de CV*, Misc. No. 3:14-MC-0073-G, 2015 WL 12916415, at *4 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016). Some courts have recognized that failure to serve timely objections may not constitute a waiver of objections if there are "unusual circumstances" and "good cause" for the failure. Such unusual circumstances include (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a nonparty

acting in good faith; or (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance before the witness challenged the legal basis for the subpoena. *See, e.g.*, *Ficep Corp.*, 2015 WL 566988 at *1; *Davison*, 2009 WL 189957, at *2; *Grupo Mexico*, 2015 WL 12916415, at *3.

Here, Twitter properly served the CFS Subpoena on CFS's agent, Mr. Shafer, in Oklahoma City. (Exhibit 2, Miller Decl., at ¶ 18). CFS does not dispute that it failed to serve objections, file a motion to quash, or comply with the subpoena by the specified date of compliance, August, 28, 2017. And no "unusual circumstance" exists to excuse the failure to timely act. *First*, the documents requests are narrowly-tailored to obtain documents related to core issues of the case, including invalidity, ownership, and damages. *(See id.* at Ex. N). *Second*, CFS cannot be said to be acting in good faith. CFS, controlled by Mr. Shafer, was the managing member of Covenant when Twitter served the Covenant Subpoena in March 2017. At the time, Mr. Shafer was also the CEO and manager of Plaintiff Youtoo, which was represented by the same lawyers as those representing Covenant and now representing CFS. **CFS could and should have turned over documents then.** Instead, Twitter was forced to file a motion to compel, only to learn that Covenant claimed it no longer had possession of the requested documents because CFS and Mr. Shafer apparently took them when CFS was removed as the manager of Covenant in April. Now, fully-aware of the Covenant Subpoena and Twitter's related motion practice, CFS failed to respond to the CFS Subpoena within the time frame set out by Rule 45. Instead, after the deadline to respond had passed, CFS simply stated without explanation that it would produce some unspecified set of

10

documents within thirty days. Unsurprisingly, no documents have been produced to date. ***Third***, CFS's counsel made no attempt to contact Twitter before the deadline to comply. Nor has CFS's counsel attempted to challenge the legal basis for the subpoena since then.

The delay and shell games must stop. Twitter respectfully submits that history dictates Twitter will never obtain these highly relevant documents absent the Court's assistance.

## IV.  CONCLUSION

For the foregoing reasons, Twitter respectfully requests the Court find that CFS has waived all objections to the CFS Subpoena and order CFS to immediately produce all responsive documents, along with any other relief required by justice and equity.

Respectfully Submitted,

s/William W. O'Connor
William W. O'Connor, OBA No. 13200
Jerrick L. Irby, OBA No. 30876
Margo E. Shipley, OBA No. 32118
Newton, O'Connor, Turner and Ketchum, PC
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119
Telephone: (918)-587-0101
Facsimile: (918)-587-0102
boconnor@newtonoconnor.com
jirby@newtonoconnor.com
mshipley@newtonoconnor.com

**ATTORNEYS FOR TWITTER, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of September, 2017, a true and correct copy of the foregoing document was served via U.S. mail, postage prepaid, to:

Samuel E. Joyner
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL LLP
901 Main Street, Suite 5500
Dallas, TX 75202-7211

**ATTORNEY FOR COVENANT FINANCIAL SERVICES, LLC**

                              s/William W. O'Connor
                              William W. O'Connor